In december titled Mallet in Islam,     after being implemented and having established their knack for libraries.   that these were committed mostly under the authority of the Ministry of Education. All right, we're ready for counsel for the fourth case for today, which is Florence Massat against ICVIA, I-Q-V-I-A. So, I saw Mr. Edelman in the courtroom earlier. Maybe we'll wait a minute. Oh, here we go. All right, Massat against ICVIA, Mr. Edelman. May it please the court, counsel. Let me first address appellate jurisdiction. Rule 23F authorizes an appeal from an order granting or denying class action certification under this rule. The order is one irrevocably refusing to certify a national class. In addition, all proceedings have been stayed in the district court. We have not been allowed to take discovery on any other class. But counsel, this is my problem with it. It's an order that irrevocably narrowed your class. It didn't functionally deny the class. It just changed the scope of the class, right? In practical effect, we have not been able to proceed on the basis of any class. Because there aren't enough people. We have not been able to get discovery into how many people are in Illinois and elsewhere. We've asked for that on two occasions. It's been denied. So, right now, all we have is the order that's before the court and a stay of all proceedings in the district court. But I thought you also had a theory in a sense, not that this is quite how it was phrased, but let's assume we're looking through to the function, that one possibility was a nationwide class and your effort to have a class that covers any people, it's a scope issue, but it's also is there a class that, is there a nationwide class? Yes. And that has been denied. It has been denied. And the Ninth Circuit, in a case involving two classes, saw it in the same case, the Parra case cited in our brief, held that where one was granted and one was denied, that is appealable under Rule 23F. And was that your theory below? Like, we want a nationwide class, and if not, a smaller statewide class, if we can get discovery on who might be subject to personal jurisdiction? That is correct. And it was clearly sent to more people in Illinois than just the plaintiff. But we have denied discovery on two occasions. And right now we're with our class allegations stricken and proceeding state. So your class allegations are stricken as a whole? Correct. The only class initially defined was a national class. When we sought discovery to determine if we could proceed on behalf of an Illinois class, that has been denied. And the case has effectively stayed pending the proceedings in this court. So your position then would be that the practical effect of the order striking the only class that you asserted, the nationwide class, is a 23F denial? That is correct. And I think under Bemis and Microsoft, the nomenclature doesn't matter. It's the practical effect. Further, the only issue is a Rule 23 issue. We contend that Rule 23 authorizes the inclusion in a class certification order of persons not residing in Illinois. The defendant disagrees, claiming that either due process or Rule 4 applies. Has there ever been a case before Bristol-Myers Squibb where a nationwide class, where this personal jurisdiction argument was made in a federal question case filed in federal court? No. It's just all of a sudden we have Bristol-Myers Squibb, and now it's like, ah, aha, there's this lurking personal jurisdiction argument that no one has realized. And a requirement for all of the unnamed members of the class to serve process on the defendant. That's the defendant's argument. I don't think there's any basis for it. If you look at Rule 23, one of the criteria, Rule 23B3C, is that you consider the desirability or undesirability of concentrating litigation of the claims in the particular forum. If you look at the advisory committee notes as to what was meant by this, it is assumed that the class members are in various districts and states, and is this an appropriate place to put the case? If there is an absolute bar on having a class of multistate or national scope in a place where the defendant is not headquartered or chartered, you would expect to find that. It's not there. The historical practice confirms that we're correct. As early as 1940, prior to the expansion of the rule, in Hansbury, one of the reasons cited by the Supreme Court for having a class action is that class members are not identifiable or not within the jurisdiction. 1966 expands the binding effect to class actions for damages based on common questions, and incorporates the language about concentrating the litigation. Counsel, what do you think is the best explanation for why you're right? Is it that Rule 4 only talks about... that has to serve summons on the defendant under Rule 4, and under the Fifth Amendment, there's really not the same due process issue, right? Correct. And the 14th Amendment applies only by reference, only insofar as the state law applies, and Rule 4 statutorily makes it so. So if Rule 4 doesn't apply, then we don't have a due process problem. So do you think Rule 4 is the place to hang your hat, or do you think there's a different way of doing it? I think the question is, does Rule 4 narrow the scope of Rule 23? And it doesn't... Well, but isn't there a preliminary question? Rule 4 tells you how to secure personal jurisdiction over somebody. But if the only person who has to engage in that securing is the named plaintiff, then your named plaintiff has followed Rule 4... That is correct, and our position. ...has done what needs to be done. That is correct. And then that means that Rule 4 in talking about securing jurisdiction is just inapplicable to people in this hybrid status of unnamed class members. They're not really parties, and they're not really not party. They are unnamed class members. That is correct. Rule 4 says nothing about class members or class actions. It only authorizes the issuance of summons to the plaintiffs.  because if Rule 4 is the rationale that Judge Wood just sketched out, if Rule 4 is the rationale, you don't have a position then in other types of actions, like collective actions, where you have named plaintiffs. You have no position then on how personal jurisdiction might play out in, like, a false suit. We have not done that. This case, I think, is the clearest case for giving no scope to Rule 4. It's a federal question case pending in federal court, originally filed in federal court, and one that is often certified and literally involves no individualized inquiries whatsoever. The historical... Well, and I thought you were also arguing, although we'll discuss this also with your opponents, the class action device itself has quite a few safeguards and more by the day, indeed, the way the Supreme Court is interpreting it. The Supreme Court's been very alert to individual interests for the class as a unit, in contrast to a Fair Labor Standards Act, collective action, or even more in contrast to the kind of coordinated action that California state courts are... were entitled to engage in and what we saw in Bristol-Myers Squibb. That is correct. In the Symer case, this court held that strict compliance with the requirements of Rule 23 is necessary to protect the defendant as well as absent class members, and that is, in fact, how it operates. It permits the case to be treated as a unit without individualized inquiries and litigation. Well, that was surely a theme of Wal-Mart as well. The Supreme Court insists on a more rigorous standard of commonality, not because it was worried about all these unnamed class members. They were worried about Wal-Mart trying to defend against an unmanageable monster. Absolutely. And this plays directly into the due process argument. QVIA never identifies what the due process problem is. It's not a question of a state court aggrandizing itself by taking over cases which belong in other states as the federal court. There is no question about individualized litigation. Bristol-Myers is a mass tort case, not a class action. So are you willing to say that the rule that you're arguing for picks up a little bit on what Judge Barrett was talking about? To resolve your case, we don't even have to engage in what would happen if the source of jurisdiction were diversity. That's correct. I mean, there's some older cases which say that in diversity, the court sits as a court of the state. After CAFA, I don't think that's necessarily the case. And incidentally, CAFA itself, in 1332d, discusses the location of class members vis-a-vis the defendant and the forum and the provisions for mandatory or discretionary declination. But, you know, I can hear your opponent saying, yes, that's true, but here, at least, you did have two states. You had Pennsylvania and Delaware where they concede they couldn't have made this objection because there's general jurisdiction over...they call themselves acuvia or whatever. Acuvia. Acuvia. Well, the short answer, Your Honor, is that often it is not that feasible for the plaintiff to go there. But, counsel, I mean, I agree with you, but I think kind of what all this is getting to is, you know, that this was a problem that nobody ever saw before until Brister Myers Squibb, you know, gave somebody a creative argument to make. But it can't be enough that we've all assumed. We have to be able to articulate the reason. It seems like Rule 4 is your position, that's the great... We can't just say, well, CAFA assumes. I mean, we have to be able to say why. Well, once you concede that the Fifth Amendment doesn't require the defendant's result, you have two rules, 4 and 23. 23 says that a class may be certified if you meet the criteria specified, one of which is consideration of the location of the class members with no hard and fast rules. But it doesn't authorize the court to exercise personal jurisdiction over anyone. Rule 4 is the one that talks about how to secure personal jurisdiction, right? By the plaintiff. Rule 4 authorizes the inclusion in the class of members of the proposed class, even those in other jurisdictions. But I think the other thing that's going on, again, which nobody had been talking about until Brister Myers, but there are hints of it in Taylor against Sturgill, I think, is something that we mentioned in a case some years ago, that once you've gone through the Rule 23 process and obtained class certification, in many ways, the class becomes the plaintiff. The plaintiff isn't the individual, which is why, you know, if after certification, if the named plaintiff's claim becomes moot, the parties have the opportunity to substitute in a new named plaintiff. The whole case doesn't just go out the window at that point. Supreme Court's made that very clear. It's why, you know, venue provisions operate the way they do. So the notion that the class is the litigating entity is also what lies behind the diversity rule, that you just need to establish diversity between the named plaintiff and the defendant. I agree. Rule 23 criteria, when satisfied, establish that the class may be treated as a unit. Only the named plaintiff has to acquire jurisdiction under Rule 4. All other class issues are treated under Rule 23, and that... and it authorizes the certification of a class, even if class members are located outside the forum. Well, from a specific jurisdiction point of view. Yes. Yeah. That is correct. Unless Your Honors have some other questions, I'll reserve the remainder of my time for rebuttal. Okay, that's fine. Thank you. Mr. Palmore. Thank you, Your Honor. May it please the Court, Joseph Palmore here on behalf of IQVIA. So do you want to say anything about appellate jurisdiction, Mr. Palmore? Yes, exactly. That's exactly where I was going to start. Under the plain language of Rule 23-F, this Court lacks appellate jurisdiction. 23-F quite clearly says that there is interlocutory jurisdiction over an order granting or denying class... But we haven't... we haven't used a bright-line rule. We've used this functional test. So say why it fails the functional test. Your Honor, the functional test is in considerable tension with the plain text, but this... to exercise jurisdiction here would represent a significant step beyond how this Court has applied that functional equivalent concept, and here's why. This Court has applied it once in N. Ray Bemis, which had a kind of an unusual procedural posture in which the EEOC sued and said, we have a statutory right to proceed on a class basis. The defendant, in its answer, said, no, you don't. You have to comply with Rule 23. The EEOC moved to strike that allegation from the answer that was granted, and this Court exercised 23-F jurisdiction and said that was the functional equivalent of a class action decision because it definitively and in its entirety disposed of the class issue. It allowed the EEOC to proceed on a class basis, and conversely, it said that there would never be a Rule 23 class action proceeding. So there would never be any... Why is this different? This is different because there will be a 23... Rule 23 proceeding because the district court quite expressly allowed an Illinois class to proceed. So why aren't you asking for something pointless, though? I mean, that's the beauty of the functional rule, that it saves everybody some time. It seems to me if we were to say, oh, you know, we don't have any appellate jurisdiction under Rule 23-F, back when we go to the district court, the plaintiffs would move for certification of a nationwide class. The district court would say, based on the rulings I've already made, I'm denying that certification. The plaintiffs would file another Rule 23-F petition, and here we would be again, you know, five months later on the same issue. Perhaps not, Your Honor, because the district court might find that the requirements of Rule 23 aren't met at all. Well, I mean... And then you have one proceeding, so the... 1292-B would have been an option as well, right? Uh, it was... And that was pending. And we think we have powerful arguments against 1292-B certification, which we made before. She kept that quite open, though, actually. And the only reason why she wouldn't have certified it is because the 23-F was already here, right? No, Your Honor. She said that she was reserving judgment on whether the 1292-B requirements themselves were satisfied. We don't think they are. There's no controlling question of law here, because the case will proceed... Even class action certification proceedings will proceed under 1292-B. But plaintiffs said that they weren't allowed to get discovery and that there was no current Illinois class. That's not correct, Your Honor. They were allowed to get discovery on the individual claim. The district court stayed any kind of class discovery pending this court's... Even the Illinois class, though. That's the thing. Pending this court's decision, because that will affect the scope of discovery. But the critical point is that the plain language doesn't authorize this, and their view would allow for multiple interlocutory appeals of the kind that this court has said... Do other circuits allow this functional approach? The only... There are a couple decisions, an unpublished decision from the 11th Circuit and a published decision from the 4th, but those were both cases in which class allegations were struck in their entirety such that there would never be class proceedings... Has any circuit ever said, no way, no functional test, we're only doing a bright-line rule? The 5th Circuit, in the Ingram-Barge case we cite, has said that a motion to... a grant of a motion to strike class allegations is not within Rule 23-F. Now, there was a timeliness issue there, as well. There were alternative holdings. Right. That's... Again, that's why I feel like... This actually almost strikes me like red lights and green lights. If the rule required a denial of class certification, it seems to me, going forward... Let's take the 5th Circuit's Ingram-Barge situation. Going forward, the minute the court strikes the class allegations, the plaintiff could make a pointless motion to certify the class, based on allegations that have now just been struck. The court will say, no, I refuse to certify a class because your complaint doesn't have any valid class allegations anymore. They would now have an order denying class certification. They could bring it up. It just seems to defeat, actually, the purpose of the rules makers in adding 23-F. They were trying to open up the possibility for review of pivotal class certification decisions. But they did so with precise text and said that only orders granting certification under this rule fall within it. And secondly, I think what they envisioned was one bite at the apple, one interlocutory appeal. I don't see that, actually, particularly in light of the many areas in which people have lots of bites at the apple. You only get lots of bites if the district court rules lots of times. Your Honor, I take your point. I'd like to move to the merits cases. Can you address the point of, you know, we've had class actions for a long time and until Bristol-Myers Squibb, nobody made this argument. So have all of these actions just been proceeding, you know, in violation of defendants' personal jurisdiction rights that they could have asserted? Your Honor, there was no kind of this idea of this pre-BMS consensus. The district court cases that they cite are just cases in which there were nationwide class actions. We don't know whether the defendant might have been subject to general jurisdiction. But no defendant seems to ever have thought of even raising this. No, Your Honor, it's not uncommon. 50 years' worth of history since the 1966 amendments, never mind 1938. We'll put that to one side. But it's half a century. And not until... And actually, even you can go back as far as Helicopteros, and you see the Supreme Court adopting the von Maron and Troutman notion of general and specific jurisdiction. That's been... at this point, too. And only now post... post a case that doesn't deal with class actions. It deals with... The word in the California statute is coordinated. It's much more like an MDL, except statewide. Your Honor, it's not uncommon for the Supreme Court to issue a decision, and the bottom line and the reasoning of the decision alerts litigants and lower courts to an issue that hadn't been litigated before. And I think that's what happened here. Because under the logic of BMS, whether it's something as a mass action or a class action, a defendant cannot, consistent with the due process clause, be hailed into court subject to the coercive power of that court for claims that didn't arise in that jurisdiction. I don't see that at all. I mean, you know, first of all, I think the Supreme Court's decision in Taylor v. Sturgill, where it rejects virtual representation, and it says, look, once you cross the threshold to be a class action, you're in a new world. That world allows the class representative, after crossing some, actually these days, very substantial hurdles, to stand as the representative of a litigating unit. And as I just mentioned, that litigating unit has its own interests. That's why the mootness, for example, of the named plaintiff's claim doesn't even get rid of it. Now, your theory, I think, is inconsistent with this whole notion of class actions. And I would think we'd be behaving very consistently with Supreme Court jurisdiction to recognize that mass actions, such as Bristol Myers Squibb faced in California, are simply not the same thing. Do you really want to... And how do you deal with things like, you know, going all the way back to the mid-19th century, Supreme Tribe of Ben-Hur against Caudill, how do you deal with the fact that in many class actions, the named members are not even all ascertainable? Even Eisen against Carlyle and Jacqueline recognizes that in saying, well, do your best to notify everybody, but we get it that you may not reach everyone. Well, Your Honor, that's a factual ascertainability issue that can be sorted out in any given case, but I'd like to turn to Rule 4... And I'm just saying the class is, though, the unit. The class is what you're litigating against, which you don't like to litigate against until it's settlement time, in which case you like it. But, you know, that's... Your Honor, the Supreme Court in Shady Grove said a class action is simply a species of joinder. It's a joinder of... It's an aggregation of claims. And I'd like to go to Rule 4, because Your Honor's asked about that, and I think that's critical here. Because Rule 4 tells you how you get personal jurisdiction over a defendant in federal court, and it... And the named member did get jurisdiction over your client. No question, Your Honor. But this is... Rule 4K is titled Territorial Limits of Effective Service. Service by itself is necessary, but not sufficient. But it means you need to serve to begin with. You need to serve... It doesn't apply to somebody who has no duty to serve. You need to serve, and then you also need to satisfy the personal jurisdiction requirements. Give me a class action example ever, since 1938, where all of the unnamed members, as soon as they found out about the class... Serve notes. ...had to file service of process, hire a process server to serve the defendant. Your Honor, there's no requirement that they do so. There's zero. Yes, there is. You're saying Rule 4. No. Because the defendant had... That box has been checked, but then personal jurisdiction still must be satisfied. So, for instance, if the named plaintiff... Makes no sense. ...amends the complaint to add claims under Rule 18. Rule 18 says, assert as many claims as you want. It's a joinder of claims provision. Right, right. There has to be personal, specific personal jurisdiction with respect to each of those added claims, even though the summons has already been served. And the person who is the named representative is the one who has to show that. I just... You're turning to Rule 4, which is part of a rule-entitled process, implies that these unnamed members, before they can have personal jurisdiction for their claims over the defendant, have to hire a process server and serve the defendant. And that is... No, Your Honor. ...new ground. No, Your Honor. And if I... I think I'd like to turn to... If you look at... This is at page A3 of our appendix. When Congress wanted to specifically deal with another rule-of-civil procedure and adopt a special rule of personal jurisdiction for it, it does so expressly. So if you look... But Congress never thought of that. I mean, honestly. I mean, Rule 4 has been amended over time. Judge, all three of us have seen plenty of procedural issues. With respect, Your Honor, the Congress did think about the interplay between Rule 4 and other rules-of-civil procedures. So if you look at 4K1B, it addressed joinder of parties under Rule 14 and 19 and adopted a special rule... Counsel, but in CAFA, Congress said that for purposes of diversity jurisdiction, you only look at the named plaintiff. So it seems to me like you're saying, oh, well, Congress must have dismissed this possibility. I mean, let's put aside whether we can tell anything about what Congress thought by its silence. It's refused failure to do something. Do you truly think that if anybody... As you say, this was just... Everyone was alerted to this because of Bristol-Myers. Do you think Congress wouldn't have just included that in CAFA and overwritten it if, as you say, it had to work this way? No, I don't know why they would have, Your Honor, because we can, of course, be sued, as was pointed out, in Pennsylvania or in Delaware. Defendants can always be sued in a jurisdiction where there's general jurisdiction. So there's no... That would be such an extraordinary limitation on nationwide class actions. It's hard for me to see that we can derive intent from Congress to do that. I mean, I know the defense bar loves this idea because all of a sudden, you know, Boeing can only be in Illinois and Delaware and the Delaware courts are going to have to expand considerably, I think, if this rule takes. Your Honor, my point is this. When Congress wanted to adopt special personal jurisdiction rules with respect to the way a case was litigated, it does so expressly. And is this a special jurisdiction rule, though, when the class is the litigating unit? Your Honor, no, because if you look at BMS, what matters for the due process clause is whether the defendant is being held to the coercive power of the state to answer to claims that have no connection to that state. Because the plaintiffs were named, however. Here you can't even say who the plaintiffs are. Your Honor, but that wasn't the reasoning of BMS. BMS said that the claims, we are, of course, subject to the personal jurisdiction of the federal court in Illinois for the facts we sent into Illinois. But for facts we sent to South Dakota, to Florida, to Maine, there's no geographic connection under a basic... Then why don't you just, under Rule 23, say that there's insufficient commonality? Your Honor, it's not a commonality issue. It's whether we can be subject to the coercive power of the court. That's the logic of BMS. Another example... Of the federal court on a federal claim. That's an interesting... Your Honor, Walden v. Fiori, Daimler-Chrysler, make it clear that the rule is exactly the same. They're not class actions. No, Your Honor, but what they say is that the rule is exactly the same. So the position on the other side is that a class action in Illinois state court could encompass plaintiffs from all over the country. No, that's not. I don't read the... Well, I do understand that to be their position. Or that BMS, if BMS had been a class action under whatever the California equivalent of Rule 23 is, that it could have gone forward. But it was distinguishable. It was not a class action. It was joined or they were named plaintiffs. And here, everything in the class is judged by the plaintiff who is, as Judge Wood has said,  No, Your Honor, because we will... If this were to proceed to judgment on a class basis, we would be required under the coercive power of the court to pay out money to people for claims that have nothing to do with Illinois. We'd be subject to discovery obligations before that with respect to those claims. Those unnamed class plaintiffs, if there were a settlement, could appeal under Devlin v. Scartoletti. They are... If they couldn't, yeah. They are, in many respects, real parties. But the due process question doesn't turn on whether they're parties or not. It turns on the claims. Well, that's your position. I mean, I think I would like to get some recognition from you that actually you're talking about the issues on the table, not... I mean, in giving us your view of them. Well, you're... Yes. Yes, of course I am, Your Honor. But that view is grounded in the case law, which is personal jurisdiction is always assessed on a claim-by-claim basis. So whether claims are added under the Rule 18 joinder provision or whether new plaintiffs or new defendants come in under Rule 20, personal jurisdiction still has to be satisfied. Right. And so if the named representative wanted to complain about effects that she received in her Indiana vacation home, then there's no specific jurisdiction over that claim and she can't represent a class of... Exactly right, Your Honor. Even though Rule 18... The named representative. Even though Rule 18 would suggest she can do that because it says you can add any claim... But I get that, but she's still the named representative. So I just find it very difficult to believe that the Supreme Court thought in Bristol-Myers that it was ushering in this dramatic change to the way everyone has understood class actions to work for more than 50 years. Your Honor, I think that there was a kind of a discussion of this kind of parade of horribles in BMS itself and the court said there's no problem here. Because it was a mass act, because it was a coordinated action. But the logic... Because everybody was a party. I think if you look at the reasoning of that decision, it doesn't hang on that distinction. It says you can sue in the state in which BMS is at home. Here we can be sued... For a coordinated action. And for a class action that solution is completely available. It doesn't say that. It didn't... It really doesn't say that. No, I admit, Your Honor, of course, a class action wasn't before the court. My point is... And some of the justices even pointed that out. That the logic of BMS applies fully to the class action context. All right. Thank you, Your Honor. Thank you. Mr. Edelman, anything further? Two minutes and 23 seconds. Very briefly, Your Honor. First, the Supreme Court in Microsoft endorses the functional test. Second... But that's that footnote in Microsoft, right? Correct. Citing this court's decision in BMS with approval. Second, you not only have that nobody thought of this for 50 years, but Rule 23 in the Advisory Committee notes discuss class members in other states. In 1979 in Califano, the Supreme Court says that certification of a national class is a matter of discretion. I mean, in a sense, what you're arguing though is everybody took personal... This issue was not on their radar. That is correct. On the other hand, there have been 12 amendments of Rule 4 and Rule 23 since then, plus the enactment of CAFA, again referring to the location of class members in a related but not directly in point context. And nobody has placed this construction on Rule 4 until Bristol-Myers. Bristol-Myers I think has been... I mean, it is simply not in point. That is not a unit of litigation. There is no way that a drug case could be a class action. Well, each of the individual people in Bristol-Myers was entitled to his or her own lawyer, was entitled to participate. There may have been a coordinating committee. I don't know. Experts. All sorts of things. But basically the question of whether Plavix helped or hurt a given person to whom it was administered is a very complicated individual medical question. Lots of people got the drug and nothing happened to them. Lots of people get heart attacks and strokes not as a result of Plavix. And it's administered to that group of people and usually doesn't cause a problem. So I don't think that that's important. But in any due process issue it is incumbent normally on the person claiming a deprivation to explain what they were deprived of and how they would be better off had they been given the process. Nothing has been identified here. There's no aggrandizement by a state court of its power and there's no identification of what issues it was foreclosed from litigating or what other due process problem exists. I see my time is up so unless your Honor has some questions. No. Thank you. Thank you Mr. Edelman. Thank you also Mr. Palmer. We will take the case under advisement.